LEONARD L. LIPSHULTZ (1922-2002)
JOHN LLEWELLYN HONE *+
RONALD G. DeWALD *+
MICHAEL T. O'BRYANT *+
P.H. HARRINGTON, JR. O+
STEPHEN S. BROWN *+
VICTOR I. WEINER *

STANLEY L. LIPSHULTZ, CPCU *+
*OF COUNSEL*

MARYLAND BAR *
D C BAR +
VIRGINIA BAR O

## LIPSHULTZ AND HONE, CHARTERED
### ATTORNEYS AT LAW
SUITE 108 - MONTGOMERY CENTER
8630 FENTON STREET
SILVER SPRING, MARYLAND 20910-3872

(301) 587-8500
FACSIMILE (301) 495-9759

VIRGINIA OFFICE
4160 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
(703) 385-7300

January 18, 2011

**TRANSMITTED ELECTRONICALLY ONLY**

The Honorable Ellen L. Hollander
United States District Court
for the District of Maryland - Northern Division
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, Maryland  21201

    Re:     <u>Darin Ruark vs. BMW of North America, LLC, et al</u>
                Civil Case No:  ELH 09-CV-2738
                Joint Status Report on Progress in Discovery

Dear Judge Hollander:

         Reference is made to the above noted litigation, the reassignment notice issued today noting the matter is now assigned to your Honor rather than Judge Legg, and Judge Legg's Paperless Order entered December 7, 2010 as docket number 73 that a further discovery status report be filed on or before today.

         The earlier discovery status report letter filed on December 6, 2010 as docket number 72 sets forth the then current status of discovery.  The state of discovery as been pending completion of a document search being conducted in Germany by BMW AG for documents related to the coupe and convertible models of the E36 designation model line.

         The document search has been extensive and has consumed many man hours of work by factory engineers.  The final product of that search has been published to all counsel and the discovered documents regarding the model line as are being produced by BMW AG have been placed on a cd and provided to plaintiff's counsel by mail this date as a second supplemental response to request for production of documents.

         No party has undertaken discovery by deposition thus far, and any further inspection of the vehicle has not taken place as the parties have not yet resolved the scheduling of that further inspection of the subject motor vehicle jointly by some of plaintiff's and defendants' expert witnesses.

         Judge Legg refrained from re-issuing a scheduling order at the time of the discovery status in early December consistent with the suggestion of counsel.  Because

The Honorable Ellen L. Hollander
Page 2
January 18, 2011

the next events will be the designation of experts the parties continue to believe the re-issued scheduling order should be delayed for a short further period.

    This correspondence has been prepared by the undersigned and the first draft reviewed by Mr. Hopper, who has authorized its submission of that draft to the Court. Minor changes were made regarding the planned inspection of the vehicle after his approval.

Very truly yours,

Ronald G. DeWald

RGD:lms

LIPSHULTZ AND HONE, CHARTERED
ATTORNEYS AT LAW